# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ZULEYKA RIVERA,

     **Plaintiff,**

     **v.**

KRESS STORES, P.R., INC., ET AL,

     **Defendants.**

Civil No. 20-1350 (ADC)

## OPINION AND ORDER

Before the Court is Zuleyka Rivera's ("plaintiff") verified complaint for breach of contract, injunctive relief, and others at **ECF No. 1**, and motion for temporary restraining order ("TRO"), preliminary, and permanent injunction at **ECF No. 2**.

## I.  BACKGROUND

On July 17, 2020, plaintiff, a United States citizen domiciled in Florida, filed a verified complaint[1] for breach of contract, injunctive, and other reliefs against Kress Stores of P.R., Inc., Mark Berezdivin, and Insurers A and B ("defendants"), citizens of the United States and domiciled in Puerto Rico, under the Court's jurisdiction over diverse parties. **ECF No. 1** at 1-2.

According to the complaint, on August 5, 2009, the parties executed a Professional Services Agreement ("Agreement") whereby plaintiff granted defendants exclusive rights to use plaintiff's name, title (*i.e.* Miss Universe 2006), and image for the development of clothing and

---

[1] Assigned to the undersigned on July 21, 2020.

fragrance brand for an annual compensation of $112,500. *Id* at 3. Two years into the term of the Agreement, the parties agreed to extend the Agreement for an additional year, up to August 2012. *Id* at 4. Thereon, the parties continued doing business under the Agreement via verbal, mutual consent to extend the termination period. Up until 2018, defendants paid the $112,500-agreed upon- annual compensation to plaintiff. *Id*. However, defendants have not paid plaintiff's annual compensation for the September 2018-August 2019 period and, except for a partial payment made on March 2020, the period beginning on August 2019- to present. *Id*. However, defendants continue to "sell, promote, and advertise merchandise with plaintiff's name, image, and likeness." *Id*.

Plaintiff denied defendants' May 23, 2019 offer to cut plaintiff's compensation to a total of $56,250. *Id* at 5. On March 6, 2020, plaintiff's counsel sent an email stating that defendants owed plaintiff no less than $189,000 and requested defendants to cease and desist from exploiting plaintiff's name and image. According to the complaint, defendants' counsel "acknowledged" co-defendant Kress' debt to plaintiff. *Id*. Defendants represented that they would continue to pay plaintiff under a "payment plan" and that they no longer had inventory or merchandise. *Id*. On or around May 2020, defendant payed plaintiff $20,000 under the purported payment plan. *Id* at 6.

Plaintiff alleges that defendants' Puerto Rico and online stores are currently fully stocked.[2] On May 26, 2020, plaintiff sent a text message to co-defendant Berezdivin asking for

---

[2] Plaintiff submitted third-party statements claiming that they visited defendants' Puerto Rico and online stores and witnessed that merchandise and products marketed or labeled "Zuleyka Rivera" were readily available for

Case 3:20-cv-01350-ADC   Document 9   Filed 07/22/20   Page 3 of 8

Civil No. 20-1350 (ADC)                                                    **Page 3**

payment. But co-defendant Berezdivin replied not being able to comply with his financial obligations and stating uncertainty as to the future of his businesses.

Pursuant to these allegations, plaintiff claims damages against defendants for breach of contract, damages and injunctive relief for violations of plaintiff's "rights of publicity" under Puerto Rico Right of Publicity Act, PR Laws Ann., tit. 32 § 3152, and alternatively, damages for unjust enrichment or tort damages under Puerto Rico law. **ECF No. 1** at 9-15.

In light of the above and for the reasons below, plaintiff's requests that the Court issue a temporary restraining order is **GRANTED**.

## II.    STANDARD OF REVIEW

To determine whether to issue a temporary restraining order, the court applies the same analysis used to evaluate a request for a preliminary injunction. *Bourgoin v. Sebelius*, 928 F. Supp.2d 258, 267 (D. Me. 2013). Accordingly, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (citing *Jean* v. *Massachusetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007.)

purchase. They also saw posters and other promotions containing plaintiff's name and image. **ECF No. 1** at 6; **ECF Nos. 1-8, 1-9, 1-10, 1-11, 1-12, 1-13.**

Although all four factors are important, likelihood of success on the merits, is the "touchstone of the preliminary injunction inquiry." *Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 11 (1st Cir. 2008). "To demonstrate likelihood of success on the merits, plaintiffs must show more than mere possibility of success—rather, they must establish a strong likelihood that they will ultimately prevail." *Sindicato*, 699 F.3d at 10 (citations omitted). If the moving party cannot demonstrate that he is likely to succeed in his claim, the other factors become irrelevant to the court's inquiry. *Id*.

Puerto Rico Laws Ann., tit.32 §3152 reads as follows:

Any natural or juridical person who uses another's likeness for commercial, trade, or advertising purposes without the previous consent of said person, the person who possesses a license for said likeness, his/her heirs if the person is deceased, or the authorized agent of any of the forgoing shall be liable for damages.

In the event that the consent required under this chapter is not obtained, the plaintiff may seek an injunction against the continued use of said likeness and can recover monetary damages, including any royalties accrued, or financial losses resulting from the violation of the right established herein.

III.     ANALYSIS

(a)     **Likelihood of Success on the Merits**

Plaintiff argues that she will prevail on the merits of the case because defendants defaulted under the Agreement and continue to exploit her name, image, and likeness[3] without

---

[3] "(c) Likeness. Name, photograph, portrait, voice, signature, attribute or any representation of a person through which an average observer or listener may identify the same, produced using any reproduction procedure or technique." PR Laws Ann. tit. 32 § 3151.

her consent. Under Puerto Rico law, the use of "another's likeness for commercial, trade, or advertising purposes without the previous consent of said person" is cause for damages and for injunctive relief "against the continued use of said likeness." PR Laws Ann., tit. 32 § 3152.

Here, plaintiff submitted communications generated by defendants conceding that they owed plaintiff $112,500 (per year) under the Agreement. **ECF No. 2-4** at 1. Specifically, on March 10, 2020, defendants "acknowledge[d] the existence of a balance in favor of Miss Zuleyka Rivera for an amount of $112,500, corresponding to the period from September 1, 2018 to August 31, 2019."[4] **ECF No. 2-4** at 1. Furthermore, co-defendant Berezdivin sent plaintiff a text message admitting that, despite previous representations, defendants did not have the money to satisfy their debt or comply with a previously agreed payment plan of amounts owed to plaintiff. **ECF No. 2-5** at 1.

Plaintiffs also submitted several statements attesting to the fact that defendants do in fact have promotion and merchandise under the name or showing the image and likeness of plaintiff. **ECF Nos. 2-9, 2-10, 2-11**. Plaintiff also submitted purchase receipts of items purchased at defendants' stores depicting the image or brandishing plaintiff's name or likeness, such as perfumes and other items. **ECF Nos. 2-6** at 6-9; **2-7; 2-8** at 13. Photographs of promotional material, such as posters and banners, as well as merchandise with tags depicting plaintiff's image, as currently utilized by defendants is also available on the record. **ECF Nos. 2-7** at 1-32; **2-8**.

---

[4] The Court notes that according to the complaint, up to March 6, 2020, defendants owed plaintiff "no less than" $189,000 "for the contractual years of 2018 to 2019 and 2019 to 2020." **ECF No. 1** at 5.

Finally, plaintiff submitted communications in which as of March 6, 2020 plaintiff alerted defendants that due to the debt and breach of the Agreement's terms, defendants were "strictly prohibited from using [plaintiff's] name and image." **ECF No. 2-3** at 1. Thus, at least since March 6, 2020, defendants lacked plaintiff's consent to commercially exploit her name and likeness. Defendants' within their communications recognize two facts: first, their failure to make payments under the Agreement and second, at least for purposes of this order, that plaintiff's consent as previously  stipulated in the Agreement was withdrawn.

Accordingly, plaintiff's motion and filings meet the likelihood of success criteria under Fed. R. Civ. P. 65(a).

**(b) Potential for Irreparable Harm in the Absence of a Temporary Restraining Order**

Plaintiff argues that the damages she is exposed to, absent the issuance of a TRO, are irreparable as no other remedy in law is available. Citing out-of-Circuit cases law, plaintiff argues that the "right of publicity is designed to reserve to a celebrity the personal right to exploit the commercial value of his/her/their own identity. *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 624 (6th Cir. 2000)." *See* **ECF No. 2** at 9. Plaintiffs adds "celebrity's property interest in [her] name and likeness is unique and cannot be adequately compensated by money damages. *Kelly v. Primco Mgt., Inc.*, CV1407263BROSHX, 2015 WL 10990368, at *15 (C.D. Cal. Jan. 12, 2015)." *Id* at 10. Referencing First Circuit cases, plaintiff argues, a person's goodwill and reputation are not easily measurable and thus, typically irreparable. *Id* at 10 *citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 20 (1st Cir. 1996).

In addition to the results of a subjective appraisal of what personal property interest in one likeness might be, Puerto Rico law clearly provides for the issuance of injunctive relief in cases where-like here, the "consent required under this chapter is not obtained, the plaintiff may seek an injunction against the continued use of said likeness." PR Laws Ann., tit. 32 §3152.

### (c) Whether Issuing the Injunction Will Burden the Defendants Less Than Denying an Injunction Would Burden the plaintiff, and Public Interest

Plaintiff asserts that defendants have been taking advantage of her valuable likeness in order to exploit business and make a profit. "In contrast, the harm to defendants is the loss of not selling merchandise with plaintiff's name in their store," which is minimal considering that defendants' business is not dependent only on merchandise related to plaintiff. **ECF No. 2** at 12 ("defendants still has a (sic) numerous variety of merchandise and brands that do not utilize plaintiff's name, image, or likeness that are available to sell and showcase to the public"). Considering that, for purposes of the analysis at hand, defendants do not currently have the right to exploit plaintiff's likeness, defendants' harm should be even less significant in the balancing of hardships.

### (d) Public Interest

The Court also holds that granting plaintiff's temporary restraining order will best serve public interest as it will avoid damages to plaintiff's image and property interest and will uphold the policy behind Puerto Rico's Right of Publicity Act, which stands to protect "a plaintiff who sues for misappropriation of violation of the right of publicity." PR Laws Ann., tit. 32 § 3153.

## IV.    CONCLUSION

Based on the allegations and submissions on record, which include prior communications exchanged with and by defendants, including defendants' acknowledgment of the debt incurred, the Court **GRANTS** plaintiff's request for a temporary restraining order at **ECF No. 2.** Accordingly, the Court hereby Orders:

(i)    Defendants, their agents, employees, subsidiaries or related entities are temporarily enjoined from (a) manufacturing, selling, offering for sale, advertising, promoting, displaying or otherwise disposing of any product that is in their possession, which bears plaintiff's name, image, and likeness; (b) engaging in any other activity that infringes on plaintiff's name, image, and likeness; (c) instructing, assisting, aiding, and abetting any other person or entity in engaging in or performing any of the activities referred to paragraphs (a) and (b).

(ii)   Plaintiff shall serve process with copy of this Order upon defendants within 10 calendar days.

(iii)  Defendants are granted 10 calendar days, upon being served to respond or answer the complaint.

(iv)   Parties are granted until August 11, 2020 to attempt settlement. Were settlement efforts to fail, the parties are to file their evidence duly marked and identify their respective witnesses while providing a brief summary of their testimony. **Parties are to be ready for an evidentiary hearing by August 13, 2020 at 10:00 a.m.** Principals or a designated representative fully authorize to make binding determinations shall attend. The hearing will be held by video conference. Courtroom Deputy Sarah Ramon will provide the parties with the necessary log-in information.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 22nd day of July, 2020.

**S/ AIDA M. DELGADO-COLÓN**
**United States District Judge**