THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ZULEYKA RIVERA,

    **Plaintiff,**

    v.

KRESS STORES, P.R., INC., ET AL,

    **Defendants.**

Civil No. 20-1350 (ADC)

**OPINION AND ORDER**

Before the Court is co-defendant Mark Berezdivin's ("Berezdivin") motion to dismiss at **ECF No. 24.** For the reasons stated herein, the motion to dismiss at **ECF No. 24** is hereby **DENIED**.

**I.**    **Background**

On July 17, 2020, Zuleyka Rivera ("plaintiff") filed a complaint for breach of contract, tort, and injunctive relief against Kress Stores P.R. Inc. ("Kress"), Berezdivin, and Insurers A and B (jointly, "defendants") pursuant to the Court's jurisdiction over diverse parties. **ECF No. 1** at 1-2.

According to the complaint, on August 5, 2009, the parties executed a Professional Services Agreement ("agreement") whereby plaintiff granted defendants exclusive rights to use plaintiff's name, title (*i.e.* Miss Universe 2006), and image for the development of clothing merchandise and a fragrance brand. Defendants agreed to pay plaintiff $112,500.00 per year. *Id*

at 3. However, from August 2012 the parties continued doing business via verbal extensions of the original agreement. *Id*.

Plaintiff claims that defendants defaulted on their obligations since 2018.[1] *Id*. To wit, defendants continued to "sell, promote, and advertise merchandise with plaintiff's name, image, and likeness" without compensating plaintiff *Id*., 3-4. Thus, on March 6, 2020, plaintiff's counsel sent an email to defendants stating that they owed plaintiff no less than $189,000 and requested defendants to cease and desist from exploiting plaintiff's name and image. In response to that email, defendants' counsel allegedly "acknowledged" co-defendant Kress' debt. *Id*. In the same communication, defendants also represented that they would continue to pay plaintiff under a "payment plan" and that they no longer had inventory or merchandise. *Id*. Soon after, on or around May 2020, Kress paid plaintiff $20,000. *Id* at 6.

Despite defendants' representations and arrears, defendants' physical and online stores continued offering and selling articles bearing plaintiff's name or resemblance.[2] Thus, on May 26, 2020, plaintiff sent a text message to Berezdivin requesting payment. **ECF No. 2-5**. Berezdivin replied and expressed uncertainty as to the future of Kress's businesses. *Id*.

Pursuant to these allegations, plaintiff claims damages against defendants for breach of contract and requests injunctive relief for violations of plaintiff's "rights of publicity" under

---

[1] With the exception of a partial payment made on May 2020. **ECF No. 1**.
[2] Plaintiff submitted third-party statements claiming that they visited defendants' physical and online stores and found merchandise marketed or labeled as "Zuleyka Rivera" readily available for purchase. They also saw posters and other promotions containing plaintiff's name and image. **ECF No. 1** at 6; **ECF Nos. 1-8, 1-9, 1-10, 1-11, 1-12, 1-13.**

Puerto Rico Right of Publicity Act, PR Laws Ann., tit. 32 § 3152, and alternatively, unjust enrichment or tort damages under Puerto Rico law**. ECF No. 1** at 9-15.

On July 22, 2020, the Court granted plaintiff's request for a temporary restraining order enjoining defendants from, among other things, "(a) manufacturing, selling, offering for sale, advertising, promoting, displaying or otherwise disposing of any product that is in their possession[…]" **ECF No. 9**. On August 6, 2020, the parties filed a joint motion submitting a "Stipulation" wherein the parties:

> agreed to the following Joint Stipulation, which conclusively moots the issuance of a preliminary injunction and displaces the need of the corresponding security: 1. Effective immediately and up until the Honorable Court enters judgment or, alternatively, all the parties to the case collectively decide to leave this Joint Stipulation without effect, KRESS, including its directors, officers, agents, employees, subsidiaries or related entities, consents and agrees to: a. Cease or discontinue manufacturing, selling, offering for sale, advertising, promoting, displaying or otherwise dispose of any product that is in their possession, which bears plaintiff's name, image and likeness.

**ECF No. 21** at 1-2 (emphasis added).

Berezdivin moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 24**.

## II.     Legal standard

Pursuant to *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), Fed. R. Civ. P. 12(b)(6) requires a plaintiff to "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff must present allegations that "nudge [his] claims across the line from conceivable to

plausible" in order to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Id at 570; *see Ashcroft v. Iqbal*, 556 U.S. at 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the context based "plausibility" standard established by *Twombly*, 550 U.S. at 544, and *Iqbal*, 556 U.S. at 662. Which means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679. In analyzing this standard, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678. Yet, the Court is not bound to "accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanés*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, at 678). Next, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, at 679; *see also Zenón v. Guzmán*, 924 F.3d 611, 616 (1st Cir. 2019); *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.").

Courts need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Applying these principles, particularly the plausibility analysis, is a context-specific task that requires courts to use their judicial experience and common sense. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555-56).

## III. Discussion

### A. The parties' arguments

Berezdivin argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because all of plaintiff's claims are "premised" on a contract that was executed by plaintiff and Kress, a "distinct corporate entity." **ECF No. 24** at 1. In contrast, his only role was that of an "officer of Kress and, consequently, no liability may be attached against him." *Id*. Berezdivin suggests that some of the complaints' allegations are contradicted by the documents attached and incorporated thereto, including a sworn statement by plaintiff and the original agreement. And that after sifting through such inconsistencies, the Court will find that his "involvement… was always as the presiding officer of the corporate entity." *Id*., at 4. "Hence… plaintiff has no claim actionable against him for collecting corporate debt." *Id*.

In a brief response, plaintiff argues that not only does the complaint asserts claims for breach of contract but that it also includes claims for "violations of plaintiff's rights of publicity, unjust enrichment, and general tort violations." **ECF No. 26** at 13. Among others, plaintiff claims Berezdivin made false statements about the store's inventory and offering of products bearing her name and image "with the intention of deterring Plaintiff's insistent push to be properly compensated for Kress' use of her image." *Id*. In plaintiff's view, this conduct is actionable because it shows a "wrongful act," which caused "an injury." *Id*. Therefore, plaintiff concludes, "Berezdivin cannot escape personal liability by blaming his own wrongdoings on Kress." *Id*., at 14.

In his reply, Berezdivin contends that plaintiff's arguments are unavailing because under "Puerto Rico's General Corporation Act of 2009, only gross negligence on the part of a director or officer may result in personal liability" and even then, any potential award would be for "the exclusive benefit of the corporate entity, not third parties such as plaintiff." **ECF No. 34** at 2 (citing PR Laws Ann. Tit. 14 § 3563 and Puerto Rico's Supreme Court Opinion in *Rivera Sanfeliz v. Junta de Directores*, 193 D.P.R. 38, 53-54 (2015)).[3] Quoting PR Laws Ann. Tit. 14 § 3784(b), he also argues that if the Court were inclined to pierce the corporate veil, Puerto Rico law only "recognizes a third party [such] a cause of action" after a judgment has been entered against the corporation and the judgment creditor was unable to collect on it credit. *Id*., at 3. In a footnote, Berezdivin purports that the complaint is devoid of allegations stating that he made "false" or "ill intended" "representations on behalf of Kress." *Id*., at n.1.

Plaintiff sur-replied. **ECF No. 40**. She made reference to a couple of allegations in the complaint that, in her opinion, allude to the misrepresentations at issue and argued that Berezdivin's legal arguments are "misplaced" since they overlooked her tort claims, which fall outside the corporate veil protection. *Id*., at 2.

**B.     The corporate veil vis-a-vis officer's tort liability**

To pierce a corporate veil is not as thought-provoking as the term would suggest. It simply means to "disregard [] corporate formalities." *Brotherhood of Locomotive Engineers v. Springfield Terminal Ry. Co.*, 210 F.3d 18, 25 (1st Cir. 2000)(citing Black's Law Dictionary 1168 (7th

---

[3] Which has no official or certified English translation. Thus, except as discussed further below, the Court is precluded from considering it. *See* Local Civil Rule 5.

ed. 1999). This action can take many forms and is proper in several scenarios. The effect, however, is always the same: to reach the otherwise protected owners of the corporation. This protection has now been set in stone for many years and has been reinforced with many rights, including many of the constitutional rights of "We the people." *See, inter alia, Citizens United v. Federal Election Com'n*, 558 U.S. 310 (2010); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 708 (2014)(collecting cases).

In light of these considerations, a very important clarification needs to be made in this case. Although plaintiff's arguments and allegations are not an example of clarity, they indicate that plaintiff is not asking the Court to pierce Kress's corporate veil to reach the company's owners in order for them to pay the debt. Indeed, as explained in plaintiff's sur-reply, plaintiff is not asking the Court to disregard Kress's corporate formalities in order to hold Berezdivin liable. Instead, plaintiff claims that Berezdivin is liable under Puerto Rico tort statute for his own actions, whether acting as an officer of Kress or not. And there lies Berezdivin's first erroneous contention.

Berezdivin seems to be under the impression that plaintiff needs to pierce the veil in order to hold him accountable under any liability theory. *See* **ECF No. 34** at 1-2. Yet, neither party has claimed that Berezdivin is a shareholder otherwise owner of Kress. To the contrary, both parties seem to agree as to the fact that at all times relevant Berezdivin acted as an officer of the corporation, or more precisely, as its "president." *Id.*, at 1; **ECF No. 24** at 3. And, as the late U.S. District Court Judge Jaime Pieras once explained, "[t]he logic behind piercing the corporate veil in order to hold its owners liable does not readily apply to officers and directors

*qua* officers and directors, for they do not sit behind the corporate veil." *Wadsworth, Inc. v. Schwarz-Nin*, 951 F.Supp. 314, 319 (D.P.R., 1996). Contrary to Berezdivin's arguments, "when an officer is accused of committing a tort, even if in her capacity as a corporate officer, the doctrine of piercing may not even be implicated." *Id.*, at 320.

Of course, there could be some instances in which corporate formalities should come down in order to allocate liability against officers, but that does not seem to be the case here or at least Berezdivin does not properly argue as much.[4] *See generally Colón v. Blades*, 757 F.Supp.2d 107, 109 (D.P.R. 2010)("Where the directors or officers use the corporation to commit fraud, courts will pierce the corporate veil and hold those officers or directors personally liable.")(citations omitted).

Contrary to Berezdivin's undeveloped argument, plaintiff argues that the complaint calls for liability against Berezdivin for his alleged "torts… without having to invoke the corporate veil piercing doctrine[.]"[5] **ECF No. 40** at 3. In support, plaintiff points to two paragraphs of the complaint wherein, in plaintiff's opinion, tort claims under Puerto Rico law are well-pleaded. *Id* at 2.[6] Although these two paragraphs are questionable under Fed. R. Civ. P. 8, the fact remains that Berezdivin did not move to dismiss a tort claim. As explained before, he only challenged

---

[4] For example, there are no fraud claims in this case.
[5] Again, plaintiff's allegations and arguments are very limited and would arguably suggest that she only seeks damages against Berezdivin for his actions and omissions under Puerto Rico's general tort statute. PR Laws Ann. Tit 31 sec. 5141.
[6] *See* **ECF No. 1** ¶¶ 23, 24: "DEFENDANTS communicated to PLAINTIFF that they no longer had inventory and had only bought a small amount of clothing merchandise that had been sold from April 2019 through May 2019… DEFENDANTS' statement was misleading due to the fact that DEFENDANTS' stores contained and currently contain full racks of clothing and fragrances that can be observed and purchased throughout CODEFENDANT Kress's stores in Puerto Rico and online…".

the sufficiency of the complaint on corporate law grounds. In doing so, he overlooked allegations calling for tort liability under Puerto Rico civil law.

Moreover, via sur-reply, Berezdivin shyly concedes that plaintiff's claims against him hinge on tort liability rather than corporate debt. **ECF No. 34** His only head-on challenge to this contention, however, is wedged in a footnote. *Id.*, at n.1. And even there, Berezdivin, simply asserts that the complaint "is devoid of such allegations." *Id*. No other argument is made for the Court to disregard these allegations. Therefore, the Court cannot readily determine at this stage that plaintiff's tort claims are not plausible.

### C.     The corporation's debt and gross negligence

Berezdivin's arguments for dismissal are also premised on his belief that plaintiff seeks to hold him accountable for Kress's debt under the agreement, **ECF Nos. 24** at 4 ("Hence… plaintiff has no claim actionable against him for collecting corporate debt[]"), which, according to plaintiff, is also wrong. **ECF No. 40** at 3 ("[he] erroneously focuses of the liability for a corporate debt[.]")

Based on that misunderstanding (and a misguided reading of the law, the Court adds), Berezdivin argues that plaintiff has failed to show that he acted with "gross negligence" as an officer of Kress. **ECF No. 34** at 2. In support, Berezdivin cites PR Laws Ann. Tit. 14 § 3563 and the Puerto Rico Supreme Court Opinion in *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 D.P.R. 38, 56

(P.R., 2015), the full extent of which Opinion the Court cannot consider because it is in the Spanish Language.[7]

Nonetheless, the statute cited by Berezdivin is also inapplicable to the case at bar, at least under the arguments raised thus far. To wit, § 3563 is "Puerto Rico['s]… Business Judgment Rule." *W Holding Co., Inc. v. AIG Ins. Co.*, 2014 WL 3699383, at n.4 (D.P.R. 2014). It is true that the "the Business Judgment Rule does not shield directors against grossly negligent conduct under P.R. Laws Ann. tit. 14 § 3563". *Federal Deposit Insurance Corporation v. Arrillaga–Torrens*, 212 F.Supp.3d 312, 341 (D.P.R. 2016). However, this "rule" deals with the fiduciary relationship between the officers (and directors) and the corporation, not third parties such as plaintiff in this case. P.R. Laws Ann. tit. 14 § 3563 ("The directors and officers shall be bound to dedicate to the affairs of the corporation"); *Epstein v. F. & F. Mortgage Corp.*, 6 P.R. Offic. Trans. 293, 308 (D.P.R., 1977)(interpreting § 851 Puerto Rico's 1980 corporations act "[t]here is undoubtedly a fiduciary relation between a director and the corporation").

Moreover, as pointed out by the Puerto Rico Supreme Court in *Rivera Sanfeliz v. Jta. Dir. FirstBank*, Delaware courts have held that:

> [U]nder established Delaware law, a breach of fiduciary duty claim **must be based on an actual, existing fiduciary relationship between the plaintiff and the defendants** at the time of the alleged breach. [...] [T]he court declines to permit an entity that could not sue in its own right to sue directors for breach of a fiduciary duty owed to others[.] (Emphasis added)

---

[7] Fortunately, however, because Puerto Rico corporate law is modeled after its Delaware homologue, *Wyilie ex rel. W Holding Co., Inc. v. Stipes*, 797 F.Supp.2d 193, 196 (D.P.R., 2011) ("thus, [Puerto Rico corporate law] derives its controlling precedent from Delaware Supreme Court decisions." (citing *Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86, 91 (1st Cir.1988)), the Puerto Rico Supreme Court cited extracts of cases law in the English language, which the Court discusses herein.

*Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 D.P.R. at 56 (quoting *Omnicare, Inc. v. NCS Healthcare, Inc.*, 809 A.2d 1163, 1169 (Del. Ch. 2002)). The Puerto Rico Supreme Court also cited *Prudential-Bache Sec., Inc. v. Franz Mfg. Co.*'s reasoning to the extent that, "[w]hile [...] shareholders or the corporation itself may have a right of action against [the director] for breach of his fiduciary duties, [plaintiff], as a mere creditor, is without standing to assert such a claim[.]" *Id.*, (quoting id., 531 A.2d 953, 955 (Del. Super. 1987)).

Because plaintiff is not a shareholder seeking director's liability for mismanagement of the corporation's affairs, Berezdivin's arguments under § 3563 are misplaced. In any event, Berezdivin has failed to show that a tort claim under Puerto Rico's Civil Code (which is obviously different from an action under § 3563) requires a "gross negligence" showing, a bar that is very rare under Puerto Rico law. *See generally Benito-Hernando v. Gavilanes*, 849 F.Supp. 136, 140 (D.P.R., 1994)("… Puerto Rico courts do not recognize gross negligence or any other degrees of negligence found in common law.").

Therefore, the Court cannot dismiss the complaint based on Berezdivin's arguments under Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

In light of all the above, the motion to dismiss at **ECF No. 24** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of October 2023.

                                                               **S/ AIDA M. DELGADO-COLÓN**
                                                               **United States District Judge**